IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:08CV |
| ) | |
| vs. ) | **VERIFIED COMPLAINT** |
| ) | **FOR FORFEITURE** |
| $35,000.00 IN UNITED ) | |
| STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

COMES NOW the Plaintiff, United States of America, and for its cause of action against the Defendant, states and alleges as follows:

1. The Court has jurisdiction of this matter pursuant to Title 28, United States Code, Sections 1345, 1355 and 1395, and pursuant to Title 21, United States Code, Section 881.

2. The Defendant is $35,000.00 in United States Currency.

3. The Defendant property is now and will be during the pendency of this action in the judicial district of the State of Nebraska.

4. On or about January 3, 2008, the Defendant property was seized in Otoe County, Nebraska by troopers of the Nebraska State Patrol; the property is currently held by United States Marshals Service. Immediately after said seizure, administrative forfeiture proceedings were instituted by the United States Drug Enforcement Administration.

5. Daniel K. Hitchcock has filed a Claim for ownership, pertaining to said Defendant property, with the United States Drug Enforcement Administration.

6. On January 3, 2008, Daniel Hitchcock was in possession of the Defendant property, as proceeds traceable to the exchange of a controlled substance, or alternatively, the Defendant property was used or was intended to be used to facilitate the transportation, sale, receipt, possession, concealment or distribution of a controlled substance, as more particularly described as follows:

   a. On January 3, 2008, Nebraska State Patrol Trooper Kaleb Bruggeman stopped Daniel Hitchcock for speeding. The passenger was identified as Henry Tendler. The vehicle was rented from National Car Rental by Mr. Hitchcock on January 2, 2008. Trooper Bruggeman detected the odor of raw marijuana coming from Mr. Hitchcock's person as they conversed. Trooper Bruggeman also noted Mr. Hitchcock to be very nervous, evidenced by sweating and legs shaking.

   b. Mr. Hitchcock initially said he was traveling to St. Louis, but then quickly said Salt Lake City, Utah, to visit a friend for a week. Dispatch advised Trooper Bruggeman both Mr. Hitchcock and Mr. Tendler had been arrested numerous times in the past for charges including possession of marijuana with intent to deliver. When Mr. Hitchcock and Mr. Tendler were asked if they had ever been arrested, both stated, "no". Mr. Hitchcock and Mr. Tendler said they had nothing illegal in the vehicle.

   c. Although Mr. Hitchcock denied consent to a search of the vehicle, Trooper Bruggeman told him a probable cause search would be conducted based on the odor of marijuana coming from his vehicle and his person. Located in a suitcase belonging to Mr. Tendler was a loaded handgun and a shrink wrap

2

machine. Shrink-wrapped bundles of U.S. currency, totaling $35,000.00 were located in the trunk of the driver's side wall, underneath the carpet molding. Mr. Hitchchock and Mr. Tendler denied any knowledge of the $35,000 located in the trunk, but neither would sign a disclaimer form. A drug detector canine indicated to the odor of narcotics on the $35,000 during a discretionary search.

7. By reason of the foregoing, the Defendant property was used or was intended to be used to commit or facilitate the commission of violations of Title 21, United States Code, Sections 841 and 844. The Defendant property is therefore subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6), and no other property rights should exist in it.

WHEREFORE, the Plaintiff, United States of America, prays the Defendant property be proceeded against for forfeiture in accordance with the laws and regulations of the rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant property be condemned, as forfeited, to the United States of America and disposed of according to law and regulation; that the costs of this action be assessed against the Defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

JOE W. STECHER
United States Attorney

By: _____
NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

<u>VERIFICATION</u>

STATE OF NEBRASKA   )
                    ) ss.
COUNTY OF DOUGLAS   )

Pursuant to Rule C(2), Supplemental Rules for Certain Admiralty or Maritime and Asset Forfeiture Claims, Assistant United States Attorney for the District of Nebraska, Nancy A. Svoboda, being first duly sworn, deposes and states that the facts set forth herein are true and correct according to the best of her knowledge and belief.

*[signature]*
NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney

Subscribed and sworn to before me this 4th day of August, 2008.

*[Notary stamp: JUDY K. MURCEK, General Notary, State of Nebraska, My Commission Expires Jul 15, 2009]*

*[signature]*
Notary Public

Pursuant to the rules of this Court, the United States of America hereby requests the trial of the above and foregoing action be held in Omaha, Nebraska, and that it be calendared accordingly.

*[signature]*
NANCY A. SVOBODA
Assistant U.S. Attorney

4