IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **8:08cv344** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PREHEARING BREIF ON |
| | ) | CLAIMANTS MOTION TO |
| | ) | SUPPRESS EVIDENCE |
| $35,000.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| DANIEL HITCHCOCK, Claimant. | ) | |

## INTRODUCTION

Claimant, Daniel Hitchcock, along with a passenger, was stopped, detained, searched and arrested by a Trooper with the Nebraska State Patrol on January 3rd of 2008. The Claimant contends that he was lawfully operating his vehicle prior to the stop, and therefore contends that there was no lawful basis for said stop and subsequent search of his vehicle and person. Following said stop and search, the Claimant and his passenger were taken into custody and interrogated by law enforcement without being advised of their *Miranda* rights. This brief encompasses the arguments of the Claimant pertaining to the foregoing.

## ANTICIPATED FACTS

During daylight hours on January 3, 2008, Daniel Hitchcock was driving his rented white Cadillac with Georgia plates westbound on Nebraska Highway 2 in Otoe County Nebraska, at which time he was stopped for allegedly speeding by Trooper Bruggeman of the Nebraska Highway Patrol. The driver, Daniel Hitchcock, and a male passenger were eventually identified and provided evidence of lawful possession and registration of the vehicle and the Claimant provided a valid driver's license.

Throughout the stop and issuance of the citation by Trooper Bruggeman, no other criminal activity or probable cause of a traffic infraction was discovered, yet the trooper detained the vehicle's occupants upon issuing a citation for speeding and receiving a refusal from Daniel Hitchcock to search the vehicle. Eventually after being denied permission to search several times, Trooper Bruggeman detained the Claimant and his occupant to wait for a drug dog to arrive at the site despite the Claimant informing the trooper that he was in a hurry. The basis is alleged to be the smell of raw marijuana.

Upon arriving at the scene, the dog circled around the Claimant's vehicle with its handler multiple times until it allegedly signals towards the rear of the vehicle. At this time, officers searched the vehicle to find $35,000.00 in United States currency in a portion of the trunk. Additionally, a Glock handgun was discovered in the travel bag of the passenger, which was in the locked trunk. No person in the interior of the car would have had access to the contents of the trunk, and the hand gun was validly registered to the passenger. No other guns, drugs or illegal substances were in the vehicle, despite Trooper Bruggeman's claims of smelling raw marijuana. At no time prior to the search of the Claimant's vehicle did the officer obtain a warrant to search the vehicle or arrest the Claimant.

Following the search of the Claimants vehicle, he was not free to leave and was placed in handcuffs and taken to the Otoe County Sheriff's Department, where he was held for a period of hours and interrogated without being advised of his *Miranda* rights. During this time he was in an inmate jumpsuit, given he was told to remove his clothing worn prior to the stop by Trooper Bruggeman.
.

## **Argument**

The Claimant's detention, arrest and the search of his vehicle violated the Claimant's rights under the Fourth Amendment of the United States Constitution. Further, the initial stop of Mr. Hitchcock's vehicle by Trooper Bruggeman was not lawful due to there being no reasonable suspicion for said stop, given Mr. Hitchcock did not violate any law which led to his stop. It has been the holding of the United States Supreme Court through United States v. Yousif, 308 F.3d 820 (2002), that stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of the

[Fourth and Fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention quite brief." Delaware v. Prouse, 440 U.S. 648, 653, 59 L. Ed. 2d 660, 99 S. Ct. 1391 (1979). Where law enforcement officers are not acting for a special purpose such as patrolling the borders or roadway safety, it is unreasonable under the Fourth Amendment to stop a vehicle and detain its driver to check his or her license and registration, unless the officers have at least articulable and reasonable suspicion that the driver is not licensed, that the automobile is not registered, or that the automobile or one of its occupants is otherwise subject to seizure for a violation of the law. Id. at 663. None of these were the case in the instant criminal case before the Court. In the case at bar, the stop and detention of Mr. Hitchcock's vehicle was therefore unreasonable under the Fourth Amendment unless the Government can prove that Trooper Bruggeman had such reasonable and articulable suspicion before the execution of the stop.

The United States Supreme Court has stated that reasonable suspicion cannot be manufactured by the police themselves. Wong Sun, 371 U.S. 471 at 485 (1963). Even if the Court were to find that the initial stop of the Claimant was legal due to the Trooper's testimony that Mr. Hitchcock was speeding, there is still no basis at the time of his stop for the officer to detain the Claimant and search his vehicle after finishing up a citation and presumably preparing to allow him to leave the stop.

Because the evidence will show that Mr. Hitchcock did not give permission at any time to search his vehicle, the Government needs to supply another basis for the search. Given there was no valid arrest prior to the search, no search warrant in place, and nothing in plain view for the officer to see, it is the Claimant's position that there was no lawful search conducted upon his vehicle, and any evidence found in the search of the Defendant's vehicle should be excluded under the exclusionary principle set forth by the United States Supreme Court. Evidence that is the "fruit" of an illegal search or seizure is not admissible, and "the exclusionary prohibition extends as well to the indirect as the direct products of such invasions." Wong Sun, 371 U.S. at 484-85. This would include all evidence at the discovered during the search of the vehicle as well as the interrogation of the Claimant.

Despite the fact that the Claimant's statements should be barred because he was not advised of his *Miranda* warnings, the exclusionary rule shall apply in the event the Court finds otherwise. The exclusionary rule has traditionally barred from trial physical, tangible materials obtained either during or as a direct result of an unlawful invasion. It follows from the Supreme Courts holding in <u>Silverman v. United States, 365 U.S. 505,</u> that the Fourth Amendment may protect against the overhearing of verbal statements as well as against the more traditional seizure of "papers and effects." Similarly, testimony as to matters observed during an unlawful invasion has been excluded in order to enforce the basic constitutional policies. <u>McGinnis v. United States, 227 F.2d 598.</u> Thus, verbal evidence which derives so immediately from an unlawful entry and an unauthorized arrest as the Government made, but also all of the statements solicited from Mr. Hitchcock by officers during his interrogation is no less the "fruit" of official illegality than the more common tangible fruits of the unwarranted intrusion. <u>Nueslein v. District of Columbia, 115 F.2d</u>  The United States Supreme Court has stated that the danger in relaxing the exclusionary rules in the case of verbal evidence would seem too great to warrant introducing such a distinction. <u>Id at 393</u>.

Given the foregoing, the Claimant prays that the Court grant his motion in the foregoing action, and bar the Government from using any and all of the evidence in its possession due to its flowing from the illegal stop, search, arrest and interrogation of the Claimant.

DANIEL HITCHCOCK, Claimant

By____/s/ Justin J. Cook_____
        Justin J. Cook #22265
        LINCOLN LAW, LLC
        P.O. Box 83857
        Lincoln, NE 68501
        (402) 438-6900
        jcook@lincolnlawllc.com

CERTIFICATE OF SERVICE

    The undersigned attorney of record certifies that a copy of the above Brief was served via email this 29th day of May, 2009, to the following:

Nancy A. Svoboda
U.S. Attorney's Office
1620 Dodge Street, Suite 1400
Omaha, NE 68102

via email to Nancy A. Svoboda at **nancy.svoboda@usdoj.gov** and filed with the Clerk of the District Court via electronic filing with the CM/ECF System.

                                          /s/ Justin J. Cook
                                          Justin J. Cook